UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Burkenroad | Michael Vacchi |

**Proceedings:**     **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT** (filed September 20, 2007)

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO
STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE
DAMAGES** (filed September 20, 2007)

**SCHEDULING CONFERENCE**

        Hearing held and counsel are present. The Court confers with counsel and counsel argue.

## I.     INTRODUCTION & BACKGROUND

        The present action arises from alleged actions that occurred during plaintiff Jayendra Shah's ("Shah") employment by defendant County of Los Angeles ("the County"). Plaintiff alleges that he is a licensed medical doctor, specializing in rehabilitation medicine. Second Amended Complaint ("SAC") ¶ 2. Plaintiff alleges that he has been employed by the County as a physician specialist since 1976. Id. ¶ 2. According to plaintiff, his employment is pursuant to "an oral contract governed by Civil Service Regulations to provide medical services." Id. ¶¶ 2-3.

        Plaintiff asserts that in 1992, he filed a complaint for discrimination with the County Civil Service Commission ("the CSC"), alleging that the County failed to give him proper assignments and had improperly required him to work under the supervision of a nurse. Id. ¶ 13. Plaintiff alleges that in 1993, an administrative law judge ("the ALJ") ordered the County to utilize plaintiff's services as a doctor and not as a clerk. Id.

        In March 1994, plaintiff was reassigned to work at the Los Angeles County Long Beach Comprehensive Health Center ("Long Beach"). Id. While working at Long

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

Beach, plaintiff was allegedly harassed and discriminated against. Id. ¶ 14. Plaintiff alleges that he was not assigned to any medical committee, he was not allowed to attend meetings regarding the improvement of health care, other people were promoted at his expense, and that he was held back from advancing in his position. Id. According to plaintiff, he raised these allegations in seven complaints filed with the CSC from 1994 through September 1997. Id. ¶ 15. Also during this time, plaintiff allegedly made numerous complaints to the Joint Commission on Acceptation of Health Service Organizations ("JCAHSO") about what plaintiff claimed was substandard medical care provided by the County. Id.

On September 30, 1997, plaintiff was accused by the California Medical Board ("the Board") of mental incompetence. Id. ¶ 15. Plaintiff alleges that the accusation was the result of a conspiracy by several of the individually-named defendants to silence plaintiff's efforts to speak out about alleged substandard medical care as well alleged harassment and discrimination. Id. Following the Board's accusation, plaintiff alleges that his medical license was suspended and that he was prohibited from filing further complaints with the CSC. Id. Plaintiff's medical license was apparently reinstated on January 30, 1998, upon clearance by four psychiatrists. Id. ¶ 16. Plaintiff was placed on probation until October 2001, when he was reissued an unrestricted medical license. Id.

In October 2001, plaintiff was allegedly informed by the County that he would receive assignments commensurate with his training and expertise and activities of daily living ("ADL"). Id. According to plaintiff, he was not given any work assignments until November 2004, at which time he was given only clerical duties. Id. ¶ 17. Plaintiff alleges that he worked from November 2004, to August 2005, as a clerk, and that he is currently in a state of "limbo," with "no proper assignment and no place to work." Id. ¶¶ 18, 24.

On November 21, 2006, plaintiff filed a complaint against the County, the Board, the California Department of Justice, Charles Stewart, a physician employed by the County, John Peck, a licensed medical doctor who plaintiff believes was employed by both the Board and the County at Rancho Los Amigos Medical Center, Joseph Furman, an attorney with the California Department of Justice and Vaughan Cain, whom plaintiff believes was employed as an investigator by the Board. In his complaint, plaintiff alleges claims for: (1) breach of employment contract; (2) discrimination and retaliation; (3) violation of civil rights; and (4) violation of the Americans With Disabilities Act. Complaint For Damages ¶¶ 4-15.

/ / /
/ / /

On February 2, 2007, the Board filed a motion to dismiss plaintiff's complaint. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

February 9, 2007, the County filed motions to: (1) dismiss plaintiff's complaint and (2) strike plaintiff's demand for punitive damages.  Plaintiff voluntarily filed a first amended complaint on February 26, 2007, thereby rendering the Board's and County's motions moot.

On March 15, 2007, the County filed a motion to dismiss plaintiff's first amended complaint.  On April 27, 2007, this Court denied the County's motion to dismiss plaintiff's breach of employment contract claim.  However, the Court granted, with leave to amend, the County's motions to dismiss plaintiff's claims for discrimination, retaliation and violation of civil rights.

On August 1, 2007, this Court issued an order to show cause as to why the instant action should not be dismissed based on plaintiff's failure to file a second amended complaint ("SAC") in the time ordered by the Court.  Thereafter, on August 6, 2007, plaintiff filed the instant SAC against the County, the California Department of Justice and certain named individuals.  The SAC alleges that the instant action is brought pursuant to 42 U.S.C. §§ 1981 et seq. ("section 1981"); 42 U.S.C. §§ 1983 et seq. ("section 1983"); 42 U.S.C. §§ 1985 et seq. ("section 1985"); 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq.; and the constitution of California.  Id. ¶ 1.

On September 20, 2007, defendants the County, Charles Stewart ("Stewart") and Stephen Morris ("Morris") (collectively, "defendants") filed the instant motion to dismiss plaintiff's second, third, fourth and fifth claims for relief and the County filed the instant motion to strike plaintiff's request for punitive damages.  Plaintiff filed his oppositions thereto on October 16, 2007.  On October 19, 2007, the County filed its reply.

A hearing was held on October 22, 2007.  The Court continued the matter, and issued a tentative ruling on October 30, 2007.  The Court also set a subsequent hearing on November 26, 2007.  On November 19, 2007, plaintiff filed his reply to the County's instant motion to dismiss, wherein he sought leave to amend.  After carefully considering the parties' arguments, the Court concludes as follows.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**II.    LEGAL STANDARDS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

## A.  MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

/ / /
/ / /
/ / /

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

(9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.      MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III.   DISCUSSION**

**A.      MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**1.      SECOND CLAIM FOR RELIEF (DISCRIMINATION AND RETALIATION)**

In his second claim for relief, plaintiff alleges that he "has been subject [sic] to harassment and retaliation by Los Angeles County as a result of his minority status (East-Indian) and his desire to speak out about the substandard medical care at County facilities in Los Angeles." SAC ¶ 20. Plaintiff alleges that the "harassment and retaliation has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

taken many forms over the past fourteen years." Id. ¶ 21.  Plaintiff further alleges that he received an EEOC right-to-sue letter in 1997. Id. ¶ 25.  Plaintiff alleges that "[t]his complaint is for the period of September 29, 1997 to October, 2004 [sic] to enforce the CSC order of 92-333 ['92-333 ruling'],'' wherein the CSC found that defendants discriminated against plaintiff. Id.  Plaintiff claims that the harassment and intimidation is ongoing, having persisted for several years. Id. ¶ 27.

Defendants argue that plaintiff fails to cite any statutory authority to support his discrimination and retaliation claim. Mot. to Dismiss at 7.  Defendants argue that plaintiff fails to state a claim under Title VII because plaintiff does not allege that he filed a timely complaint with the EEOC. Id. at 7, 9.  Defendants further argue that plaintiff's EEOC claims are time barred because he failed to bring this suit within ninety days of his receipt of a right-to-sue letter. Id.  Moreover, defendants contend that plaintiff has no federal claim for discrimination because he "[fails] to allege that he was treated differently from any other employee" or "that any protected trait had an outcome on whatever purported adverse employment [sic] taken against him." Id. at 8.  Defendants further contend that plaintiff has no federal claim for retaliation because he has not alleged that a causal nexis exists between his participation in a protected activity and the County's actions. Id. at 9.  Defendants argue that plaintiff has no state law claim for discrimination or retaliation because he fails to allege that he filed a timely complaint with the Department of Fair Employment and Housing ("DFEH"), as required by FEHA, or that he timely presented a claim to the County of Los Angeles as required by Cal. Gov. Code § 911.2. Id. at 7, 9-10.

Defendants further argue that in order to state a claim for conspiracy under California law, the complaint must allege: "'(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts.'" Mot. to Dismiss at 10 (citing Wasco Prods. v. Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006)).  Defendants contend that plaintiff must allege the "'existence of an agreement,'" which he has failed to do. Mot. to Dismiss at 10 (citing Wasco Prods., 435 F.3d 989 at 991-90).

Plaintiff responds that he has sufficiently alleged exhaustion of administrative remedies.  Plaintiff claims that he need not file an EEOC claim as a condition of bringing suit. Opp'n to Mot. to Dismiss at 6.  Instead, plaintiff claims that he exhausted his administrative remedies by filing a discrimination claim with the CSC. Id. (referring to Opp'n to Mot. to Dismiss, Ex. A (the CSC Correspondence & Decision, Case No. 92-333)).  Plaintiff argues that he is not required to make another filing with an administrative agency, and that this Court may adjudicate all of his claims because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

misconduct occurring subsequent to plaintiff's filing with the CSC is "'reasonably related' to the charges in the original administrative action." Opp'n to Mot. to Dismiss at 8, 13 (citing Butts v. City of New York Dep't of Housing Pres. & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993) (holding that there are "three kinds of situations where claims not alleged in an EEOC charge are sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar such claims in a civil action"); Stewart v. United States INS, 762 F.2d 193 (2d Cir. 1985) (same); Alemendral v. New York State Office of Mental Health, 743 F.2d 963, 967 (2d Cir. 1984) ("[A] court may consider, in addition to the original EEOC charges, those claims 'reasonably related' to the EEOC charges.")).

Plaintiff argues that in any event, defendants waived their right to require him to exhaust administrative remedies before the EEOC when they submitted his discrimination claim to the CSC. Opp'n to Mot. to Dismiss at 7 (citing Zipes et al. v. Trans World Airlines, 455 U.S. 385, 392 (1982) ("Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.")). Moreover, plaintiff contends that so long as "an act contributing to the claim occurs within the filing period [with the CSC], the entire time period of the hostile environment may be considered for the purposes of determining liability." Opp'n to Mot. to Dismiss at 12 (citing Harris v. Forklift Syss., Inc., 510 U.S. 17, 21 (1993)). Plaintiff further claims that because "the discrimination continues to this day[,] it is unclear when a limitation period would commence." Opp'n to Mot. to Dismiss at 7. Plaintiff contends that "one must invoke, but not necessarily exhaust, means of administrative redress." Id. at 11. Plaintiff claims that he "invoked administrative remedies with respect to discrimination," by lodging complaints with the EEOC and the CSC. Id. Plaintiff further argues that "[he] need not exhaust or resort to administrative remedies where 'the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process.'" Id. (citing J.G. v. Bd. of Educ., 830 F.2d 444, 447 (2d Cir. 1987)). Plaintiff contends that further filings with the CSC will be futile because the agency does not enforce its rulings. Opp'n to Mot. to Dismiss at 9, 14.

Plaintiff contends that in its 92-333 ruling, the CSC determined that the County had discriminated against him and that this ruling establishes that plaintiff has been discriminated against. Id. at 19. Plaintiff claims that the County ignored the 92-333 ruling. Id. Plaintiff further argues that the SAC sufficiently states a claim for retaliation by alleging that plaintiff complained about the state of medical care in Los Angeles County, that plaintiff complained about and filed charges with the CSC for discrimination, that plaintiff complained about the County's failure to comply with the 92-333 ruling, and that thereafter "[t]he County decided to retaliate against plaintiff by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

filing false, fabricated charges of mental incompetence with the California Medical Board" and by "[denying plaintiff] pay increases, involvement in any medical activity, . . . an office or any meaningful work." Id. at 19, 21. Plaintiff contends he is presently experiencing the effects of his medical license suspension "as [he] has been denied malpractice insurance and hence is barred from many medical jobs due to the stigma of the license suspension in 1997-1998." Id.

With regard to the alleged conspiracy, plaintiff concedes that the SAC fails to allege an "agreement," but claims that the SAC can be amended to add this allegation. Opp'n to Mot. to Dismiss at 5.

Plaintiff has had three opportunities to plead exhaustion of administrative remedies or facts excusing his noncompliance, such as equitable tolling. In the Court's April 27, 2007 order, the Court granted defendants' motion to dismiss plaintiff's claim for discrimination and retaliation because plaintiff failed to allege that he complied with the exhaustion of administrative remedies requirements of Tile VII and/or FEHA, that he received a right-to-sue-letter and that he filed a timely civil action. Plaintiff has failed to allege the aforementioned deficiencies in his complaint, first amended complaint and in his SAC. Nor does plaintiff claim in his opposition that he will be able to cure these deficiencies. Instead, plaintiff argues that filing a complaint with the CSC is a sufficient substitute to one with the EEOC and/or the DFEH. However, as stated herein below, the Court finds this argument unpersuasive. In his November 19, 2007 reply, plaintiff indicates that he can cure the above-mentioned deficiencies. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's second claim for relief with leave to amend.[1]

---

[1] It is unclear whether plaintiff's second claim for relief is based on violation of Art. I, § 8 of the California Constitution as plaintiff's only reference to the same is in the jurisdictional section of the SAC. However, to the extent that it is, the Court observes that a "claim brought directly under Art. I, § 8 of the California Constitution may only be brought where a plaintiff has been denied entrance into a profession or particular employment or terminated from the same," or at least constructively discharged. Strother v. S. Cal. Permanente Med. Group, 79 F.3d 859, 871 (9th Cir. 1996); see also Simpson v. Martin, Ryan, Andrada & Lifter, 1997 U.S. Dist. LEXIS 23342 *12 (N.D.Cal. 1997) ("Article I, section 8, however, does not create a private cause of action to redress private employment discrimination that does not result in termination."). Finally, it also appears that plaintiff would have to allege compliance with the California Government Tort Claims Act. See Howell v. City of Fresno, 2007 U.S. Dist. LEXIS 44717 *3 (E.D. Cal. 2007); see also Himaka v. Buddhist Churches of Am., 919 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

### a.  THE CALIFORNIA WHISTLEBLOWER PROTECTION ACT, CAL. GOV. CODE §§ 8547 ET SEQ.

The California Whistleblower Protection Act ("CWPA"), Cal. Gov. Code §§ 8547 et seq., imposes penalties on "any person who intentionally engages in acts of . . . retaliation . . . against a state employee . . . for having made a protected disclosure." Cal. Gov. Code § 8547.8(a). In order to bring a cause of action for damages under the CWPA,

the injured party [must have] first filed a complaint with the State Personnel Board pursuant to subdivision (a), and the board [must have] issued, or failed to issue, findings pursuant to Section 19683.

Cal. Gov. Code § 8547.8(c). Plaintiff fails to state a claim under the CWPA because the SAC does not contain any allegation that plaintiff has complied with Cal. Gov. Code § 8547.8(c). Plaintiff alleges that he filed complaints with the CSC and that he received a right-to-sue letter from the EEOC, but he has not alleged that he has filed a complaint with the State Personnel Board. See SAC ¶¶ 3, 10. Nor has plaintiff alleged facts indicating that his noncompliance should be excused. See Hood v. Hacienda La Puente Unified Sch. Dist., 65 Cal. App. 4th 435, 439 (1998) (In a claim brought pursuant to the California Tort Claims Act, the "[p]laintiff [has] a duty to plead exhaustion of administrative remedies or facts which indicate the duty to do so has been excused."). [2]

Moreover, the California Tort Claims Act, Cal. Gov. Code §§ 900 et seq., requires that a claim against a public entity be presented to the public entity "not later than one year after the accrual of the cause of action." Cal. Gov. Code § 911.2. Presentation of

———————————

332, 334-35 (N.D. Cal. 1995) (claim arising under Cal. Const. Art. I, § 8 must be "asserted through a state tort law mechanism").

[2] Moreover, it appears that plaintiff may not assert a common law tort action for discrimination and retaliation in violation of public policy against a public entity. See Palmer v. Regents of the Univ. of Cal., 107 Cal. App. 4th 899, 909 (2003). However, Cal. Gov. Code § 820(a), which provides for public employee liability " [e]xcept as otherwise provided by statute . . . ,  to the same extent as a private person," exposes the public employee to liability for common-law torts. Daniel P. Barer et al., 1 Cal. Gov't Tort Liability Practice § 1.6 (4th ed. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

the claim is a prerequisite to maintaining a civil action against the public entity. <u>State of Cal. v. Super. Ct. (Bodde)</u>, 32 Cal. 4th 1234 (2004). "Exceptions to the filing requirement not specifically enumerated in the Government Claims Act have occasionally been allowed, but only where the claim is based on a statute or statutory scheme that includes a functionally equivalent claim process," such as FEHA. <u>Gatto v. County of Sonoma</u>, 98 Cal. App. 4th 744, 764 (2002) (citing <u>Snipes v. City of Bakersfield</u>, 145 Cal. App. 861, 869 (1983) (holding that claims under FEHA need not be presented to a public entity as required by the California Tort Claims Act)). However, in the present case, plaintiff failed to comply with any other similar statutory scheme. Even if plaintiff's CSC complaint gave defendants notice of the misconduct alleged therein, plaintiff has failed to comply with the preconditions of filing the instant civil action as stated herein.

### b. FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV. CODE §§ 12900 <u>ET</u> <u>SEQ.</u>

To pursue a claim under the FEHA plaintiff must allege that he exhausted his administrative remedies. This requires plaintiff to file a complaint with either the DFEH or the EEOC.[3] Plaintiff does not allege that he received a right to sue letter from the DFEH. It is not clear that an EEOC right-to-sue letter satisfies the exhaustion of administrative remedies requirement under the FEHA. <u>See</u> <u>Alberti v. City & Council of San Francisco Sheriffs's Dep't</u>, 32 F. Supp. 2d 1164, 1174 (N.D. Cal. 1998) ("An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of remedies as to FEHA claims.") (citing <u>Martin v. Lockheed Missiles & Space Co.</u>, 29 Cal. App. 4th 1718, 1724 (1994)); <u>Chambers v. City of Berkeley</u>, 2002 U.S. Dist. LEXIS 4637 *11 (N.D. Cal. 2002) (same). However, even assuming <u>arguendo</u> that an EEOC right-to-sue letter satisfies the prerequisite to a bringing a civil suit under the FEHA, plaintiff failed to file a timely suit. The FEHA requires that plaintiff have filed his civil action within one year of receiving his right-to-sue notice. Cal. Gov. Code § 12935(b). However, as stated above, plaintiff did not file the instant action until November 21, 2006, more than eight years after he received a right-to-sue letter from the EEOC. Plaintiff fails to state any facts excusing compliance with the FEHA timely filing requirements.

/ / /
/ / /

---

[3] "The EEOC and the DFEH each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute." <u>Downs v. Dept. of Water & Power</u>, 58 Cal. App. 4th 1093, 1097 (1997); 2-40 Wilcox, Cal. Employment Law § 40.20 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

/ / /
/ / /

c.      **42 U.S.C. §§ 2000(e) <u>ET</u> <u>SEQ.</u>**

Plaintiff must also allege exhaustion of administrative remedies to pursue a claim under Title VII.

> Title VII of the Civil Rights Act of 1964 makes it an "unlawful employment practice" to discriminate "against any individual with respect to his compensation . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1).  An individual wishing to challenge an employment practice under this provision must first file a charge with the EEOC. § 2000e-5(e)(1). Such a charge must be filed within a specified period (either 180 or 300 days, depending on the State) "after the alleged unlawful employment practice occurred," and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court, § 2000e-5(f)(1).

<u>Ledbetter v. Goodyear Tire & Rubber Co.</u>, 127 S. Ct. 2162, 2166-67 (2007).  In his SAC, plaintiff alleges that he filed a complaint against all defendants with the EEOC in 1994, and was issued a right-to-sue letter in 1997.  SAC ¶ 10.  Pursuant to Title VII, plaintiff must file his civil suit within ninety days of receiving the EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  Thus, the ninety day period begins to run once the aggrieved party learns of his right to bring an action.  Here, plaintiff alleges that he received the right to sue letter from the EEOC in 1997, but plaintiff did not file this civil action until November 21, 2006, well past the ninety day requirement set forth in Title VII.

The "EEOC charging period is triggered" upon the occurrence of an unlawful discrete act "such as termination, failure to promote, denial of transfer, or refusal to hire." <u>Ledbetter</u>, 127 S. Ct. at 2169; <u>Morgan</u>, 536 U.S. at 115.  Thus, an aggrieved employee must file an EEOC complaint within 180 days after each discriminatory act.  <u>Ledbetter</u>, 127 S. Ct. at 2169.  The plaintiff must thereafter bring a timely civil action.  42 U.S.C. § 2000e-5(f)(1).  Plaintiff argues that he filed a complaint in 1992 with the CSC and in 1994 with the EEOC, and that he is not required to file additional complaints with any administrative agency because he is presently affected by the complained of prior acts of discrimination and retaliation.  Opp'n to Mot. to Dismiss at 11.  However, in <u>Ledbetter</u>, the Supreme Court rejected this argument, holding that "current effects alone cannot breathe life into prior, uncharged discrimination." <u>Ledbetter</u>, 127 S. Ct. at 2169.  Here, plaintiff failed to comply with Title VII's timely filing requirements, since he did not file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

the instant action until November 21, 2006, well beyond the ninety day period. Moreover, the Court concludes that defendants did not waive the filing of a timely charge of discrimination with the EEOC, since defendants timely raised plaintiff's failure to exhaust administrative remedies as an affirmative defense. Plaintiff cannot maintain the instant action for discrimination and retaliation, based on discrete acts of unlawful conduct, unless plaintiff can demonstrate grounds for application of an equitable doctrine such as equitable tolling. See Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982).

To the extent that plaintiff's second claim for relief is based on a hostile work environment, the Court concludes that the SAC fails to state a claim for which relief can be granted. As observed in plaintiff's opposition,

> whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

Harris v. Forklift Sys., 510 U.S. 17, 23 (1993). In a hostile work environment claim, "the actionable wrong is the environment, not the individual acts that, taken together, create the environment." Ledbetter, 127 S.Ct. at 2175. Here, the SAC alleges that defendants engaged in discrete acts of discrimination by giving plaintiff demeaning work assignments, refusing to provide plaintiff a medical committee position, excluding plaintiff from meetings, and by causing plaintiff's medical license to be suspended in 1997. SAC ¶¶ 20-27. While plaintiff alleges that "this is a continuing form of harassment," the SAC fails to allege facts suggesting that this harassment persists today. SAC ¶ 27. Moreover, even if plaintiff can allege the existence of a hostile work environment, he still must establish that at least one unlawful act on which the hostile work environment claim is predicated, occurred within the EEOC charging period. Ledbetter, 127 S.Ct. at 2175 n.7 (citing Morgan, 536 U.S. at 117). This plaintiff cannot do. Finally, the plaintiff concedes that the SAC fails to allege a conspiracy. Opp'n to Mot. to Dismiss at 5.

## 2. THIRD CLAIM FOR RELIEF (VIOLATION OF PLAINTIFF'S CIVIL RIGHTS)

In his third claim for relief, plaintiff alleges that defendants engaged in a conspiracy to silence plaintiff to prevent him from exposing substandard medical care and to defeat plaintiff's right to employment, and in doing so violated plaintiff's civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

rights. SAC ¶¶ 30-38. Plaintiff alleges that "[b]y reason of the violation of his civil rights the plaintiff has suffered emotion[al] stress[,] . . . [his] reputation and health have been damaged and he has been denied the ability to advance in his profession." Id. ¶ 39. Plaintiff alleges that defendants' violated "his civil rights, rights to a fair hearing and due process" in contravention Cal. Gov. Code §§ 8547 et seq. Id. ¶ 38.

Defendants argue that plaintiff fails to cite statutory authority for his third claim for relief, except for a single reference to Cal. Gov. Code §§ 8547 et seq. Mot. to Dismiss at 11. Defendants contend that if plaintiff's claim is based on state law, then the SAC fails to allege a claim for relief because plaintiff does not allege that he filed a complaint with the State Personnel Board pursuant to Cal. Gov. Code § 8547.8(c), or that he presented a timely claim to the County pursuant to Cal. Gov. Code § 911.2. Id. Defendants argue that if plaintiff's third claim is predicated on the FEHA, it must fail because plaintiff does not allege that he filed a timely complaint with the DFEH and/or obtained a right to sue letter. Id. Defendants contend that any claim under the FEHA also fails because plaintiff did not file a civil action within one year of the misconduct alleged. Id. Defendants argue that if plaintiff's claim is brought under section 1983, it is time-barred. Id. at 12. Defendants contend that if plaintiff's third claim is brought under Title VII, it fails because plaintiff did not file a timely complaint with the EEOC and because he did not initiate the instant action within ninety days of receipt of his 1997 EEOC right-to-sue letter. Id.

For the reasons stated above, defendants claim that plaintiff fails to allege a conspiracy in his third claim for relief. Finally, defendants contend that defendants Stewart and Morris' allegedly false statements to the California Medical Board are privileged pursuant to Cal. Civil Code § 47.[4]

Plaintiff responds that the SAC states a claim for relief pursuant to section 1983 based on violations of plaintiff's Fifth and Fourteenth Amendment rights. Opp'n to Mot. to Dismiss at 26. Plaintiff claims that recovery under section 1983 requires plaintiff to establish that: (1) defendants deprived him of a Constitutional or statutory right and (2) defendants acted "'under color of law.'" Id. at 24 (citing Adickes v. Kress & Co., 398 U.S. 144, 150 (1970); Robbins v. Hamburger Home for Girls, 32 Cal. App. 4th 671, 683 (1995)). Plaintiff argues that the SAC sufficiently pleads a claim under section 1983 by

---

[4] Defendant Stephen Morris requests that this Court take judicial notice that he is a California licensed attorney and that he was acting in his capacity as an attorney during the time of the incidents alleged in the SAC. Stephen Morris Req. for Judicial Notice at 1-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

alleging: (1) discrimination by the County, (2) that plaintiff complained about the substandard medical care in the County, and (3) that defendants made false allegations to suspend plaintiff's medical license to prevent him from making additional complaints about substandard medical care. Opp'n to Mot. to Dismiss at 24. Plaintiff further argues that the SAC sufficiently alleges that defendants deprived him of "'due process of law,'" by excluding plaintiff from the County's medical facilities without a hearing and by refusing to permit plaintiff to perform medical services after his medical license was reinstated. Id. at 26.

Plaintiff responds that his civil rights claim is not time-barred because he is still employed by the County and the alleged civil rights violations are ongoing. Id. at 27-28. Plaintiff further contends that his claim is not time-barred because "[w]hen the facts alleged show a civil conspiracy, under both California and federal law, the statute of limitations does not begin to run on any part of a plaintiff's claims until the last overt act pursuant to the conspiracy has been completed." Id. at 27 (citing Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 786 (1979); Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986)). Plaintiff argues that there is no statute of limitations applicable to claims brought pursuant to section 1983. Opp'n to Mot. to Dismiss at 28. Finally, plaintiff contends that under California law, a statute of limitations bars relief only where the dates alleged in the complaint "'clearly and affirmatively'" demonstrate that the action is time-barred. Id. at 28-29 (citing Saliter v. Pierce Bros. Mortuaries, 81 Cal. App. 3d 292, 300 (1978); Marshall v. Gibson, Dunn & Crutcher, 37 Cal. App. 4th 1397, 1403 (1995)).

Plaintiff agrees that the SAC fails to allege an conspiracy. Opp'n to Mot. to Dismiss at 5. Plaintiff fails to respond to defendants' claim of privilege.

**a.     STATE LAW CLAIMS**

As stated above, in order to pursue a civil action pursuant to Cal. Gov. Code §§ 8547 et seq., a plaintiff must first file a complaint with the State Personnel Board. Failure "to allege pursuit of an administrative prerequisite to commencing a lawsuit for damages as required by section 8547.8 [bars] that cause of action." Hood v. Hacienda La Puente Unified Sch. Dist., 65 Cal. App. 4th 435 (1998). Plaintiff fails to allege compliance with Cal. Gov. Code § 8547.8 or facts which excuse such compliance. Moreover, as stated above, presentment of a claim against a public entity is a prerequisite to maintaining a civil action against the public entity. State of Cal. v. Super. Ct. (Bodde), 32 Cal. 4th 1234 (2004). Again, plaintiff fails to allege compliance or facts excusing compliance. For the reasons stated above, plaintiff may not maintain a suit under the FEHA because of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

failure to allege exhaustion of administrative remedies or an excuse for noncompliance.
///
///
///

b.    **FEDERAL LAW CLAIMS**

California Civil Procedure Code § 335.1's statute of limitations period applies to section 1983 and section 1985 actions filed in federal court in California. <u>Taylor v. Regents of Univ. of Cal.</u>, 993 F.2d 710, 711 (9th Cir. 1993). California recently extended the statute of limitations for personal injury actions from one year to two years. <u>Maldonado v. Harris</u>, 370 F.3d 945, 954-55 (9th Cir. 2004). However, the revised statute of limitations does not apply retroactively to claims already barred. <u>Id.</u> at 955. Thus, for claims that accrued before January 1, 2003, the one year statute of limitations period applies. <u>Id.</u> "'Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" <u>Id.</u> (citing <u>Kox v. Davis</u>, 260 F.3d 1009, 1013 (9th Cir. 2001)). Claims brought pursuant to section 1981 are subject to a four year statute of limitations. <u>Jones v. R.R. Donnelley & Sons Co</u>, 541 U.S. 369 (2004).

The Court concludes that plaintiff's third claim for relief fails to state a claim for which relief can be granted. To the extent that plaintiff seeks redress of the allegedly unlawful conduct in 1997, which resulted in suspension of his medical license, plaintiff's claim is time-barred. To the extent that plaintiff seeks redress for defendants' silencing of his speech, plaintiff's claims are also time barred since this speech is alleged to have occurred from 1992-1997. To the extent that plaintiff's claims are based on Cal. Gov. Code §§ 8547 <u>et</u> <u>seq.</u>, Cal. Gov. Code §§ 12900 <u>et</u> <u>seq.</u>, or Title VII, as stated above, plaintiff's claims fail because plaintiff does not allege, nor does it appear that he can allege, that he filed a timely complaint with the appropriate administrative agency and thereafter filed a timely civil action. To the extent that plaintiff claims that his continued inability to practice is an ongoing due process violation, which stems from defendants' unlawful misconduct, the Court finds that plaintiff fails to state a claim for which relief can be granted. If plaintiff's claims are predicated upon ongoing violations of his rights, plaintiff must state allegations to that effect.

California Civil Code § 47(2), provides in pertinent part, that "a privileged publication or broadcast is one that is made in any . . . (1) legislative or (2) judicial proceedings or (3) in any other official proceeding authorized by law." However, state law cannot immunize persons acting under color of law, and in violation of federal law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

<u>Kim v. Stone</u>, 84 F.3d 1127 (9th Cir. 1996) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."). Instead, immunity from suit under from a claim predicated on federal law must derive from a federal statute or the common law. <u>Id.</u> at 1128. Therefore, the Court concludes that Cal. Civ. Code § 47 does not immunize defendants Stewart and Morris from plaintiff's federal law claims. The Court need not decide whether defendants are immunized from plaintiff's state law claims since the Court concludes, as above, that because plaintiff failed to exhaust administrative remedies, failed to file a timely civil action and/or failed to make a timely presentation of his claim to defendants, his state law claims are barred.

Based on the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's third claim for relief with leave to amend to state viable claims under section 1981, section 1983 and/or section 1985.

If plaintiff files a third amended complaint he must specify the statutory authority upon which his claims are predicated, he must describe the unlawful conduct, he must identify the individuals that engaged in said conduct and the particular right and/or rights that said conduct infringed upon. To state a claim pursuant to section 1981 plaintiff must plead facts demonstrating that defendants engaged in unlawful conduct with a racially discriminatory purpose or intent and that said conduct violated plaintiff's legally protected rights.[5] <u>Johnson v. Ry. Express Agency, Inc.</u>, 421 U.S. 454, 460 (U.S. 1975); <u>General Bldg Contractors Ass'n v. Pa.</u>, 458 U.S. 375, 391 (1982). Intent may be proven directly or indirectly through circumstantial evidence. <u>Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.</u>, 429 U.S. 252, 266 (1977). However, governmental action is not required. <u>Johnson v. Ry. Express Agency, Inc.</u>, 421 U.S. 454 at 460; <u>Gen. Bldg Contractors Ass'n v. Pa.</u>, 458 U.S. at 391. Thus, plaintiff must allege facts evidencing that "(1) he . . . is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race . . . and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce

_____

[5] In <u>Peterson v. State of Cal. Dep't of Corrs. & Rehab.</u>, 451 F. Supp. 2d 1092, 1102 (E.D. Cal. 2006), the district court observed that it is not settled that a California state civil servant employee can sue under section 1985(3). However, the Court found an employee's "statutorily held employment should not bar his ability to bring section 1981 claims." <u>Id.</u> at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

contracts, sue and be sued, give evidence, etc.).” Peterson v. Cal. Dept. of Corrs. & Rehab., 451 F. Supp. 2d 1092, 1102 (E.D. Cal. 2006) (citing Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir.1993)). Moreover, as stated above, plaintiff must allege claims that fall within section 1981's four year statute of limitations. Jones v. R.R. Donnelley & Sons Co, 541 U.S. 369 (2004).

To state a claim against an individual pursuant to section 1983 plaintiff must allege: “(1) a violation of rights protected by the federal Constitution or created by federal statutes or regulations, (2) proximately caused (3) by the conduct of a ‘person’ (4) who acted under color of [law].” Martin A. Schwartz, 1 Section 1983 Litigation Claims and Defenses, (4th ed. 2007) at § 1.04(A) (internal citations omitted). Thus, plaintiff must identify the legally protected right that has been violated, the person who violated said right and the allegedly illegal conduct. Further, to assert a claim against a public entity, “the plaintiff must establish a fifth element, namely that the violation of plaintiff's federal right was attributable to enforcement of a municipal policy or practice.” Id. A section 1983 claim based upon violation of Fourteenth Amendment procedural due process rights, “has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process.” Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). To state a claim for violation of plaintiff's due process rights under the Fifth Amendment, plaintiff must allege that the defendants are federal actors. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (citing Schweiker v. Wilson, 450 U.S. 221, 227 (1981)). However, claims accruing before January 1, 2003, are time-barred by the applicable one-year statute of limitations; claims accruing thereafter are subject to a two-year statute of limitations. Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[6]

To state a claim pursuant to section 1985(3), plaintiff must allege: (1) a conspiracy; (2) the purpose of which is to deprive, either directly or indirectly, plaintiff “the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby [plaintiff] is either injured in his person

---

[6] To the extent that plaintiff alleges violation of his due process rights in contravention of Art. I, § 7 of the California Constitution, plaintiff must as with his other claims, describe the unlawful conduct, he must identify the individuals that engaged in said conduct and the particular right and/or rights that said conduct infringed upon. Moreover, it appears that plaintiff must also allege that he exhausted his administrative remedies. Dao v. Univ. of Cal., 2004 U.S. Dist. LEXIS 16828 *14-18 (D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

or property or deprived of any right or privilege of a citizen of the United States."[7] United Broth. of Carpenters & Joinders of Am. Local 610, AFL-CIO, 463 U.S. 825, 828-29 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)). "[T]o prove a private conspiracy . . . plaintiff must show (1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action' and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment.'"[8] Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (U.S. 1993) (internal citations omitted). Private conspiracies motivated by racial bias violate section 1985(3). Section 1985(3) extends "'beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citing DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 333 (9th Cir. 1979)). Again, plaintiff must allege facts that are not barred by the applicable statute of limitations. Claims accruing before January 1, 2003, are time-barred by the applicable one-year statute of limitations; claims accruing thereafter are subject to a two-year statute of limitations. Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir. 1993); Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).

The Court cautions that plaintiff's failure to plead the statutory authority underlying his claims and each element of his claims will result in dismissal of his complaint with prejudice.

## 3.   FOURTH CLAIM FOR RELIEF (VIOLATION OF CIVIL RIGHTS RELATING TO LIMITATION ON FREE SPEECH)

In plaintiff's fourth claim for relief, he alleges that defendants conspired to suppress plaintiff's speech about substandard medical care. SAC ¶ 41. Plaintiff alleges that defendants failed to provide him with proper employment duties, stripped him of

---

[7] A claim under section 1985(3) "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (citing Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Burnett v. Short, 441 F.2d 405, 406 (5th Cir. 1971)).

[8] "[T]here is no question today that the [section 1985] covers private conspiracies. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 n.4 (9th Cir. 1992) (citing Griffith v. Breckenridge, 403 U.S. 88 (1971)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

privileges at county hospitals and clinics and made false statements about plaintiff to effectuate the suspension of plaintiff's medical license.  Id. ¶¶ 41-42.  Plaintiff alleges that he is presently experiencing the effects of defendants' unlawful conduct.  Id. ¶ 41.

Defendants argue that plaintiff fails to cite statutory authority supporting his fourth claim for relief.  Mot. to Dismiss at 14.  Defendants contend that if plaintiff's claim is based on state law, then the SAC fails to state a claim for relief because plaintiff does not allege that he presented a timely claim to the County of Los Angeles pursuant to Cal. Gov. Code § 911.2.  Id.  Defendants argue that if plaintiff's fourth claim for relief is brought under the FEHA, it fails because plaintiff does not allege that he filed a timely complaint with the DFEH and/or obtained a right to sue letter.  Id.  Defendants contend that any claim under FEHA must also fail because plaintiff failed to file suit within one year of the misconduct alleged.  Id.  Defendants contend that the EEOC right-to-sue letter does not suffice because plaintiff failed to file a timely civil action.  Id.  Defendants contend that if plaintiff's fourth claim is brought under Title VII, it fails because plaintiff does not allege that he filed a timely complaint with the EEOC or that he initiated the instant action within ninety days of receipt of his 1997 EEOC right-to-sue letter.  Id. at 14-15.  Defendants argue that if plaintiff's claim is brought under section 1983 it is time-barred.  Id. at 15.

Defendants further contend that defendants Stewart and Morris' allegedly false statements to the California Medical Board are privileged pursuant to Cal. Civil Code § 47.  Id. at 15-16.  Finally, defendants contend that plaintiff fails to allege a claim for conspiracy because the SAC does not allege an agreement, the wrongful acts or the resulting damage.  Id. at 16.

For the reasons stated above, the Court GRANTS defendants' motion to dismiss plaintiff's fourth claim for relief with leave to amend to state viable claims under section 1981, section 1983 and/or section 1985.

**4.    FIFTH CLAIM FOR RELIEF (VIOLATION OF CIVIL RIGHTS BY DISCRIMINATORY TREATMENT IN THE WORKPLACE)**

In his fifth claim for relief, plaintiff alleges that in its 92-333 decision, the CSC found that the County discriminated against plaintiff.  SAC ¶ 44.  Plaintiff alleges that a filing with the CSC "is equivalent to a filing with the EEOC and serves the same purpose."  Id.  Plaintiff alleges that the County failed to abide by the CSC's 92-333 ruling.  Id.  Plaintiff alleges that the County continues to "violate his civil rights and his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

ability to employment in a non-discriminatory manner." Id. Finally, plaintiff alleges that defendants engaged in "retaliatory discrimination" against plaintiff because of his speech about substandard medical care. Id. ¶ 45.

Defendants contend that plaintiff fails to cite any statutory authority to support his fifth claim for relief. Mot. to Dismiss at 16-17. Defendants argue that the CSC ruling 92-333, does not establish plaintiff's instant claim for discrimination. Id. at 17. Defendants contend that "[t]here is no factual allegation that plaintiff was subjected to discriminatory treatment in the workplace, no adverse employment actions against him or even how he had been discriminated." Id.

Defendants contend that if plaintiff's claim is based on state law, then the SAC fails to state a claim for relief because plaintiff does not allege that he presented a timely claim to the County of Los Angeles pursuant to Cal. Gov. Code § 911.2. Id. Defendants argue that if plaintiff's fourth claim for relief is brought under the FEHA, it must fail because plaintiff fails to allege that he filed a timely complaint with the DFEH and/or obtained a right-to-sue letter. Id. Defendants contend that the EEOC right-to-sue letter does not suffice because plaintiff failed to file a timely civil action. Id. Defendants contend that if plaintiff's fourth claim is brought under Title VII, it fails because plaintiff does not allege that he filed a timely complaint with the EEOC and/or that he initiated the instant action within ninety days of receipt of his 1997 EEOC right-to-sue letter. Id. at 18. Defendants further argue that any claim predicated on federal or state law must fail because plaintiff fails to allege that "the County treated a similarly situated person differently in employment because of a protected activity" or that plaintiff's "trait was a determinative influence on the outcome." Id. at 17 (citing Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977); Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)). Defendants argue that plaintiff alleges that he "'belongs to a minority class' and he had no chance for promotion due to his race but fails to state that this characteristic resulted in discrimination." Mot. to Dismiss at 18 (citing SAC ¶¶ 17-18). Defendants contend that a "'complaining employee'" is not a protected group under Title VII. Mot. to Dismiss at 18.

The Court concludes for the reasons stated above, that plaintiff's fifth claim for relief fails to state a claim for which relief can be granted. The Court therefore GRANTS defendants' motion to dismiss plaintiff's fifth claim for relief with leave to amend to allege cognizable claims under section 1981, section 1983 and/or section 1985. To the extent that plaintiff's fifth claim for relief is based on the FEHA or Title VII, plaintiff fails to state a claim for which relief can be granted because plaintiff did not file a timely complaint with the appropriate administrative agency and failed to filed a timely civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

action.  Nor does plaintiff allege grounds for excusing his noncompliance.  To the extent that plaintiff's claim is based on the California Tort Claims Act, plaintiff failed to make a timely presentment of his claim, nor does plaintiff allege grounds excusing noncompliance.  However, the Court notes that under the liberal pleading requirements of Fed. R. Civ. P. 8(a), the SAC sufficiently alleges the existence of racial discrimination, by alleging that "plaintiff has been subject to harassment and retaliation by Los Angeles County as a result of his minority class (East Indian)."  SAC ¶ 20.

**B.    MOTION TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

The County seeks to strike plaintiff's request for punitive damages in plaintiff's second and third claims for relief, as against the County.  The County argues that as a / / / / public entity, it is not liable for punitive damages.  Mot. to Strike at 5-6 (citing Cal. Gov. Code § 818).

California Government Code § 818 states: "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  Based on the foregoing, the Court GRANTS the County's request to strike any request for punitive damages as against the County.

**IV.    CONCLUSION**

Based on the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's second, third, fourth and fifth claims for relief to state claims under the FEHA, Title VII, section 1981, section 1983 and/or section 1985 with thirty days' leave to amend.  Finally, the Court GRANTS the County's motion to strike plaintiff's request for punitive damages as against the County.

The Court orders plaintiff to serve all defendants within 60 days from the date of this order.  The Court further confers with counsel and schedules the following dates:

Request for leave to file amended pleadings or to add parties: January 15, 2008;
Discovery Cut-off: March 15, 2008;
Settlement Completion Cut-off: March 1, 2008;
Last Day to File Motions: May 1, 2008;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7446 CAS (Cwx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | JAYENDRA A. SHAH, M.D. v. COUNTY OF LOS ANGELES ET AL. | | |

Status Conference re: Settlement **(11:00 A.M.): <u>March 31, 2008</u>**;
Pretrial Conference **(11:00 A.M.): <u>July 7, 2008;</u>** and
Jury Trial **(9:30 A.M.): <u>July 29, 2008.</u>**

IT IS SO ORDERED.

|     |     |     |
|-----|-----|-----|
| 00  |  :  | 09  |

Initials of Preparer          CMJ

cc:    Counsel
       ADR Coordinator

---